STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                         DOCKET NO.   CV-12-088
                                                  JON - YOR - 7/5/2013

CITIBANK, N.A.,

                    Plaintiff

         v.                                       **JUDGMENT**

NANCY Z. WOOD,

                    Defendant

This matter was heard by bench trial on July 2, 2013.

The Court has carefully considered the evidence and arguments.

The Court heard testimony from Judy Delage, a longtime Assistant Vice President for Citibank, N.A. Ms. Delage was proffered as a "qualified witness" pursuant to Rule 803(6) of the Maine Rules of Evidence regarding business records. The Court concludes her training and experience while employed by the Plaintiff are adequate to allow her to testify regarding the Plaintiff's business records. While her role as a litigation specialist is certainly fodder for cross-examination on the issues of credibility and weight, there was adequate foundation laid for her to be considered such a "qualified witness". The fact that she did not create the records or that she was not part of the department, which created them, does not disqualify her if other information establishes her qualifications. See e.g. State v. Hager, 691 A.2d 1191, 1193 (Me. 1996).

The Court concludes that monthly billing statements were sent to Ms. Wood and received and she continued to make use of the credit card. These statements included

payments, credits, finance charges and interest rates. None of these statements were disputed by Ms. Wood.

Ms. Wood also had her card reissued several times due to loss or theft. It was Citibank's policy to issue card agreement paperwork as set out in Plaintiff's Exhibit 2 upon issuance of cards.

The Court concludes that a credit card contract existed between the Plaintiff and Defendant evidenced primarily by receipt of statements and acquiescence to terms by continuing use of the card. See *Bank of America, N.A. v. Barr*, 2010 ME 124, 9 A.3d 816. (Contract can be established by evidence of monthly statements and course of dealings between parties).

The Court concludes that it was also likely that a materially similar version of Plaintiff's Exhibit 2 was mailed to the Defendant pursuant to their policies during her term as a cardholder.

Accordingly, the Court rules as follows:

1. Judgment for Plaintiff in the amount of $52,438.47, plus applicable post-judgment interest and court costs on Count I.

2. Count II is duplicative of Count I and Judgment is as stated above.

3. Judgment in Count III is rendered to the Defendant for the reasons set out in the Motion Denying Summary Judgment.

The Clerk may incorporate this order by reference.

Dated:     July 5 , 2013

John H. O'Neil, Jr.
Justice, Superior Court

2

ATTORNEYS FOR PLAINTIFF:

SUSAN SZWED
NANCY LAINE ASTBURY
VANESSA RUSSELL
SUSAN J SZWED PA
PMB 815
PO BOX 9715
PORTLAND ME  04104-5015


ATTORNEY FOR DEFENDANT:
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
482 CONGRESS STREET STE 304
PO BOX 17915
PORTLAND ME  04112